# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LARRY FLOYD and TANYA FLOYD,** ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Civil Action No. CV-06-S-542-NE |
| **BANKSTON MOTOR HOMES, INC.,** ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On May 7, 2004, plaintiffs purchased a new motor home from defendant in Montgomery, Alabama. The vehicle was plagued by numerous mechanical defects, some of which began to manifest themselves on the same day that plaintiffs took delivery of the vehicle. The mechanical problems were not repaired to plaintiffs' satisfaction, and plaintiffs revoked acceptance of the motor home on February 13, 2006. *See* Ala. Code § 7-2-608 (1975) (2006 Replacement Vol.). Defendant refused to acknowledge plaintiffs' revocation of acceptance, and this lawsuit followed.

After the close of discovery, the parties filed cross motions for summary judgment. This court found that there were no genuine issues of material fact, granted plaintiff's motion for summary judgment as a matter of law, and denied

defendant's motion for summary judgment.[1]  As a result of the conclusion that plaintiffs had properly revoked acceptance of the motor home in accordance with Alabama law, the court entered a final judgment in plaintiffs' favor in the amount of $305,163.20, and taxed costs to defendant.[2]

The case is again before the court on the following motions: defendant's "Motion to Alter, Amend or Vacate" the final judgment;[3] plaintiffs' "Motion to Amend Judgment";[4] and plaintiffs' "Motion for Attorney's Fees."[5] Each is addressed below.

## I. DEFENDANT'S MOTION TO ALTER, AMEND OR VACATE

Defendant argues, pursuant to Federal Rules of Civil Procedure 59(e) & 60(b), that this court's judgment is due to be altered, amended, or vacated because "there are disputed material facts . . . [and] there are material facts, which are undisputed, which favor the Defendant, and require [that] judgment be entered" in defendant's favor.[6] Defendant is incorrect on both points.

"In the interests of finality and conservation of scarce judicial resources,

---

[1] *See* doc. no. 40 ("Memorandum Opinion and Final Judgment").
[2] *Id.*
[3] Doc. no. 45.
[4] Doc. no. 43.
[5] Doc. no. 41.
[6] Doc. no. 46 ("Motion to Alter, Amend or Vacate") at 2.

reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). *Cf. United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003).

The Eleventh Circuit recently reaffirmed the following, well-established principle: "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)) (bracketed alteration in original). *See also*, *e.g.*, *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (holding that a Rule 59(e) motion cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised or presented prior to the entry of judgment).

With regard to the second basis of defendant's motion, Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic),

3

>     misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To prevail on a Rule 60(b) motion, the movant "must demonstrate a justification so compelling that [the district court is] required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Cavaliere v. Allstate Insurance Co.*, 996 F.2d 1111, 1115 (11th Cir.1993)). A movant's burden on a Rule 60(b) motion, therefore, is heavy. *See id.* "[I]t is not enough that a grant of the [Rule 60(b) motion] might have been permissible or warranted; rather, the decision to deny the motion . . . must have been sufficiently unwarranted as to amount to an abuse of discretion." *Id.* (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)) (bracketed text in original).

Defendant argues that, in nine instances, this court erred by construing disputed facts as being undisputed when granting plaintiffs' motion for summary judgment. The question of whether these nine factual findings are, indeed, in dispute need not be addressed because they are not *material* to this case. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is

material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (internal quotation marks and citation omitted).

Assuming, without deciding, that the nine factual findings with which defendant takes issue are, indeed, disputed issues of fact, the court's granting of summary judgment in plaintiff's favor was, nevertheless, properly predicated on the undisputed *material* facts of this lawsuit, all of which were fully articulated in the court's September 28, 2007 "Memorandum Opinion and Final Judgment."[7] In summary, the undisputed *material* facts bearing upon plaintiffs' claim for revocation of acceptance are these: (1) plaintiffs purchased a new motor home from defendant; (2) the motor home did not conform to defendant's representations to plaintiffs, nor to plaintiffs' reasonable expectations regarding the motor home; (3) the defects in the motor home were both latent and numerous; (4) those defects substantially impaired the vehicle's value to plaintiffs; (4) plaintiffs revoked acceptance before repairs to the motor home were completed; and (5) prior to and until plaintiffs' revocation of acceptance on February 13, 2006, there was no change in the condition of the motor home that was not caused by its latent defects. These undisputed material facts

---

[7]*See* doc. no. 40.

support the court's conclusion that plaintiffs properly revoked acceptance of the motor home within a reasonable time and, therefore, that summary judgment was correctly granted in plaintiffs' favor as to the revocation of acceptance claim.

Furthermore, defendant relies on a number of arguments in the present motion that could (and should) have been, but were not, raised in opposition to plaintiffs' motion for summary judgment.[8] This court will not consider those arguments at this stage in the proceedings. *See, e.g., Chapman*, 229 F.3d at 1027 ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *American Home Assurance Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (observing that, if district courts allow parties to raise new arguments after a matter has been decided, it impermissibly affords parties "two bites at the apple"); *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala.

---

[8]For example, defendant argues that this court's finding of fact that "over 20 'fault' codes appeared when [Shipley Motors] ran a diagnostic check on the engine," a fact gleaned from the affidavit of plaintiff Larry Floyd, is "patently inadmissible hearsay." Doc. no. 46 ("Brief in Support of Bankston Motor Homes, Inc.'s Motion to Alter, Amend or Vacate") at 4. Defendant did not raise a hearsay objection to this evidence at the summary judgment stage. Nonetheless, this finding of fact is not based on hearsay. Larry Floyd stated, in his affidavit, that "At Shipley Motors, over twenty 'fault' codes appeared when they ran a diagnostic check on the engine." Doc. no. 29 (Affidavit of Larry Floyd) at ¶ 19. Defendant argues that Mr. Floyd was "told" this information; however, there is no support in the record for this assumption. The plain language of Mr. Floyd's affidavit indicates that Mr. Floyd witnessed the diagnostic check on the engine as well as the appearance of the fault codes, not that someone "told" him about the event. Mr. Floyd is certainly permitted to offer sworn testimony as to events he observed, and such testimony is not inadmissible hearsay.

2002) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration.").

In summary, because defendant has failed to identify any manifest errors of law or material fact, and did not demonstrate a compelling reason why the final judgment *must* be disturbed, defendant's "Motion to Alter, Amend or Vacate" is denied.

## II.  PLAINTIFFS' MOTION TO AMEND JUDGMENT

A marginal note in this court's Memorandum Opinion and Final Judgment advised plaintiffs that:

> Because plaintiffs' calculation of damages was based on information available as of the date the cross-motions for summary judgment were filed, plaintiffs may have incurred additional damages up to the date of decision.  If plaintiffs have incurred additional damages . . . plaintiffs may file a motion to alter and amend the judgment to accurately reflect the total damages incurred as of the *date of judgment*.

*Floyd v. Bankston Motor Homes, Inc.*, No. 5:06-cv-00542-CLS, slip op. at 14 n.59 (N.D. Ala. Sept. 28, 2007) (emphasis supplied). Despite this clear directive, plaintiffs seek a modification of the final judgment amount to include damages incurred through October 11, 2007 — *thirteen days after* judgment was entered.  The court cannot discern, based on plaintiffs' "Motion to Amend" and the evidentiary submission filed therewith, the amount of damages as of the date of judgment.  As such, plaintiffs' "Motion to Amend Judgment" is denied.

### III.  PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

Plaintiffs' complaint alleged claims under Alabama law for both breach of warranty and revocation of acceptance.[9] In moving for summary judgment, however, plaintiffs did not argue their breach of warranty claims.  Instead, plaintiffs focused solely upon their claim for revocation of acceptance.  As a consequence, plaintiffs effectively abandoned their breach of warranty claims.  *See*, *e.g.*, *Road Sprinkler Fitters Local Union No. 669 v. Independent Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (holding that a district court can "properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment").  That fact is important, because Federal Rule of Civil Procedure 54(d) provides that a party may petition the court for an award of attorney's fees, and that the moving party must "specify . . . the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2)(B)(ii).

In that regard, plaintiffs based their claim for attorneys' fees upon Alabama Code § 8-20-8 (1975) (Replacement Vol. 1993) and 15 U.S.C. § 2310(d)(2), both of which provide for an award of attorneys' fees to a plaintiff who prevails on a *breach of warranty claim*.  As noted in the preceding paragraph, however, plaintiffs did not prevail on their breach of warranty claim.  To the contrary, plaintiffs only prevailed

---

[9]*See* doc. no. 1 ("Complaint").

as to — and summary judgment was entered on the basis of — their revocation of acceptance claim.

Moreover, plaintiffs have not cited any statute or rule, nor provided other grounds, in support of their request for an award of attorneys' fees on the basis that they were prevailing parties as to their revocation of acceptance claim. The court will not consider contentions plaintiffs might have raised on this point, but that were not argued. *Cf. U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a party's "perfunctory and underdeveloped argument") (citing *Flanigan's Enterprises, Inc. v. Fulton County*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party's "fail[ure] to elaborate or provide any citation of authority in support [of an argument]" results in waiver)).

Also, assuming for the sake of argument that plaintiffs are entitled to an award of attorney's fees as a matter of law for successfully mounting a claim for revocation of acceptance, such an award would, nevertheless, be denied because the evidence provided by plaintiffs' counsel is not sufficient to establish either that the number of hours devoted to prosecution of plaintiffs' claim was necessary or reasonable under the facts of this case, or that the hourly rates applied to the hours expended are reasonable, customary, fair, and just under the circumstances of the case. Specifically, plaintiffs' counsel's affidavit, which speaks to counsel's fees associated

with this action, constitutes evidence that the billing rates charged by him and his associates are customary *in Arkansas*; however, this court's practice is to award attorney's fees based on the prevailing rates customarily charged in similar cases by attorneys of comparable years of experience and practicing in the Northern District of Alabama (and sometimes more finely diced to the division of the Northern District in which the action was docketed).  There is no evidence of record to support a finding that the fees claimed by plaintiffs' counsel are consistent with those charged in comparable cases by attorneys with similar levels of legal experience in the Northeastern division of the United States District Court for the Northern District of Alabama.  Accordingly, plaintiffs' "Motion for Attorney's Fees" is denied.

## IV.  CONCLUSION

To summarize: (1) defendant's "Motion to Alter, Amend or Vacate" is DENIED; (2) plaintiffs' "Motion to Amend Judgment" is DENIED; and (3) plaintiffs' "Motion for Attorney's Fees" is DENIED.

In addition, the parties raise a collateral matter, unrelated to the motions decided herein, that must be addressed.

The parties agree that Alabama law requires plaintiffs, following their revocation of acceptance, to surrender to defendant both physical possession of the motor home as well as a clear and unencumbered title.  The final judgment is silent

on this point, and the parties disagree as to the timing of that event. Plaintiffs argue that they should not be required to surrender the vehicle and its title until after they have received payment of the final judgment amount. In contrast, defendant posits that plaintiffs should have returned physical possession of the motor home and a clear title upon revoking acceptance on February 13, 2006. Further complicating matters is the disparity between defendant's argument that it is not in physical possession of the vehicle, and the evidence of record indicating that the motor home is located at a repair facility owned by defendant.

For the purpose of eliminating any residual confusion, plaintiffs are ORDERED to surrender to defendant physical possession of the motor home at issue in this lawsuit, as well as a clear and unencumbered title, within **14 calendar days** of plaintiffs' receipt of funds in full satisfaction of the September 28, 2007 final judgment. Any costs associated with transporting the motor home to defendant shall be borne by plaintiffs. Should the parties be unable to agree on a mutually satisfactory location to complete the transfer of physical possession and title of the motor home from plaintiffs to defendant, plaintiffs shall cause the motor home and title to be delivered to defendant's dealership located in Montgomery, Alabama, during the dealership's regular hours of operation. Defendant will be deemed to have accepted physical possession and title of the vehicle upon timely delivery of the same

to defendant's Montgomery, Alabama dealership, in accordance with the directives of this order.

DONE and ORDERED this 22nd day of October, 2008.

_____
United States District Judge